1
2
3
4
5
6

IN THE UNITED STATES DISTRICT COURT

7

FOR THE NORTHERN DISTRICT OF CALIFORNIA

8
9
10

TRUDI KELSEY,

No. C 05-02512 WHA

11

Plaintiff,

12

v.

**ORDER DENYING
PLAINTIFF'S MOTION
TO ALTER OR
AMEND JUDGMENT**

13

JO ANNE B. BARNHART, Commissioner
of Social Security,

14
15

Defendant.
                                                              /

16
17

**INTRODUCTION**

In this social security appeal, plaintiff Trudi Kelsey moves to alter or amend the

18

judgment against her pursuant to FRCP 59(e). This order finds that plaintiff has not established

19

entitlement to this extraordinary remedy.  Plaintiff's motion, therefore, is **DENIED**.

20

**STATEMENT**

21

The facts underlying this litigation are discussed in more detail in the Court's order

22

dated December 23, 2005, granting defendant Commissioner of Social Security's motion for

23

summary judgment.  In brief, on November 18, 2002, plaintiff Trudi Kelsey applied for

24

disability insurance benefits for the third time, alleging she had been disabled since July 27,

25

1998, due to allergies to metals including palladium, muscle spasms and joint pain.  On

26

December 17, 2003, plaintiff had a hearing before ALJ Richard P. Laverdure.  The ALJ

27
28

United States District Court
For the Northern District of California

United States District Court

For the Northern District of California

1   rendered a decision on November 10, 2004, finding that plaintiff's prior application would not

2   be reopened and that she was not disabled.  Plaintiff filed an action before this Court on June

3   21, 2005, seeking judicial review pursuant to 42 U.S.C. 405(g).

4        At the hearing before the ALJ, plaintiff testified that she had an undergraduate education

5   in film making and had taken classes towards a master's degree.  Prior to the alleged onset of

6   her disability, plaintiff worked as a teller and a manager in the banking industry.  After July

7   1998, plaintiff worked sporadically from her apartment, primarily doing freelance research and

8   assembling multimedia presentations.  Plaintiff testified that she could perform basic household

9   chores such as cooking and vacuuming by working slowly and for limited intervals.  Plaintiff

10  also reported spending time researching her medical conditions and handling her social-security

11  matter.

12       Plaintiff described that during her period of alleged disability she suffered from an

13  inability to adjust to environments outside of her apartment.  Plaintiff explained that anytime

14  she left her apartment, she subsequently became incapacitated for periods of up to one week.

15  In addition to her hypersensitivity to environmental stimuli, plaintiff suggested that the bouts of

16  incapacity were brought on by her hypothyroidism.

17       In the ALJ's decision, he analyzed medical evidence from numerous sources.  Among

18  the important parts of the medical evidence, the San Francisco State Student Health Center

19  found that plaintiff had a history of hypothyroidisim.  Dr. Eugene McMillan, M.D. concluded

20  that plaintiff had no physical, postural or environmental limitations or limitations on walking,

21  lifting or sitting.  Dr. Victor Rosenor, M.D. concluded that plaintiff was fit for a sedentary

22  occupation that did not involve lifting more than twenty pounds.  Dr. Pedro Avila, M.D.

23  concluded that plaintiff had a sensitivity to the palladium, but suggested that plaintiff seek

24  psychiatric counseling to determine if her symptoms were psychosomatic, which plaintiff

25  rejected .  Dr. Michael Dietrick, M.D. found that plaintiff did not have any significant

26  psychiatric disorder.  Finally, Dr. Georgeanna Farren, M.D. concluded that plaintiff had

27  hypothyroidism and suffered from sensitivity to chemicals within closed spaces.  Based on the

28

2

1    purported cumulative effect of plaintiff's ailments, Dr. Farren concluded that plaintiff was

2    unable to work regularly.

3          The December order reviewed the ALJ's application of the five-step inquiry for

4    disability claims required by 20 C.F.R. 404.1520.  The order found that the ALJ had a

5    substantial basis for his conclusion at step four of the analysis that plaintiff was capable of

6    performing her past relevant work and thus was not disabled.  The December order rejected

7    plaintiff's alleged grounds of error:  (1) that the ALJ improperly weighed the medical evidence,

8    in particular the opinion of treating physician Dr. Farren, (2) that the ALJ errantly determined

9    plaintiff could perform past relevant work at step four, (3) that the ALJ improperly applied the

10   grids in alternatively denying plaintiff's claim at step five, (4) that her due process rights were

11   violated by the ALJ's failure to reopen plaintiff's prior disability applications.  Judgment was

12   entered accordingly with the December order.  Plaintiff now moves to alter or amend that

13   judgment.

14                                              **ANALYSIS**

15         Relief under FRCP 59(e) is "an extraordinary remedy, to be used sparingly in the

16   interests of finality and conservation of judicial resources."  *Carroll v. Nakatani*, 342 F.3d 934,

17   945 (9th Cir. 2003).  A motion under FRCP 59(e) "should not be granted, absent highly unusual

18   circumstances, unless the district court is presented with newly discovered evidence, committed

19   clear error, or if there is an intervening change in the controlling law."  Morever, such a motion

20   "may not be used to raise arguments or present evidence for the first time when they could

21   reasonably have been raised earlier in the litigation."

22         Plaintiff identifies eight alleged errors with the December order: (1) finding the ALJ

23   justified in failing to consider plaintiff's hypothyroidism, (2) finding that opinions of Dr.

24   Rosenor and Dr. McMillan were inconsistent with Dr. Farren's opinion, (3) finding that the

25   record provided no supporting medical evidence for Dr. Farren's opinion, (4) finding the ALJ

26   justified in not trusting plaintiff's self-assessment, (5) agreeing with the ALJ that Dr. Farren did

27   not support her opinion with objective data, (6) removing internal citations from a quotation to a

28   Ninth Circuit opinion, (7) affirming the ALJ's failure to address plaintiff's subjective analysis

United States District Court

For the Northern District of California

3

of her pain as a result of her palladium sensitivity and (8) refusing to reopen plaintiff's prior applications.

*First*, the ALJ did not fail to consider plaintiff's thyroid condition. On the contrary, the ALJ listed the condition as one of plaintiff's severe ailments (AR 17). After properly weighing the medical evidence, however, the ALJ determined that plaintiff's thyroid condition, even when considered in conjunction with plaintiff's other ailments, did not render her unable to perform past relevant work. Substantial evidence existed for the ALJ to make such a finding.

*Second*, the December order did not clearly err that certain medical evidence was inconsistent with Dr. Farren's ultimate conclusion that plaintiff could not work at all. Both Dr. Rosenor and Dr. McMillan concluded that plaintiff *could* work, the latter doctor deeming that plaintiff could perform work *without limitations*. Plaintiff would skate over this inconsistency by stating that Dr. Farren's opinion was based on analysis done after the opinions of Dr. Rosenor and Dr. McMillan were issued. This is contrary to plaintiff's adamant arguments that she is entitled to receive benefits back to 1998. If Dr. Farren only based her conclusory statement on analysis performed between 2001 and 2003, after Dr. McMillan examined plaintiff, then plaintiff's alleged disability-onset date cannot be accurate. As noted above, Dr. Farren based her conclusion of plaintiff's inability to work on plaintiff's cumulative symptoms during her five-year history with plaintiff. Finally, Dr. Rosenor examined plaintiff up until January 2003, only two months before Dr. Farren stop examining plaintiff. Plaintiff cannot realistically maintain that Dr. Farren's conclusion was based solely on analysis performed during those two months.

*Third*, the Court did not commit clear error in finding that no other medical evidence in the record supported Dr. Farren's conclusion that plaintiff could not work. Plaintiff labels this a "post ad-hoc rationalization" running afoul of the principle that a reviewing court determine the propriety of agency's decision based on the grounds articulated by the agency itself. The ALJ, however, *did* rely on the fact that no other physician who ever met with plaintiff agreed with Dr. Farren's suggestion that plaintiff could not work. "Other medical specialists, including

allergy/immunology specialists at UCSF, such as Dr. Avila, did not corroborate such findings" (AR 23).  This was a reasonable grounds for the ALJ to discount Dr. Farren's opinion.

*Fourth*, the December order did not commit clear error in finding that the ALJ was justified in deeming plaintiff's self-assessment untrustworthy.  Plaintiff argues that this case cannot be distinguished from *Benecke v. Barnhart*, 379 F.3d 587, 593–94 (9th Cir. 2004), which ruled that the ability to perform routine tasks is a insufficient ground standing alone, to discount a plaintiff's self-assessment.  The December order emphasized the language from the ALJ opinion that showed it was not the mere performance of basic activities that led the ALJ to discount's plaintiff's self-assessment.  The ALJ specifically noted that "[t]he record indicates that claimant was a dance major, lived on a hill, walked to and from the hill to the bus and had a full range of motions and no postural limitations" (AR 22–23).  These are not simply basic activities or routine tasks.

*Fifth*, the ALJ properly discounted Dr. Farren's "treating physician" opinion.  The ALJ did not simply discount the opinion on the grounds he found Dr. Farren's opinion lacking in objective support.  The December order agreed with the ALJ that Dr. Farren's opinion reeked of advocacy, rather than medical analysis.  It was not clear error to discount a treating physician's opinion on these grounds.  *See Batson v. Comm'r of Soc. Sec. Admin*, 359 F.3d 1190, 1195 (9th Cir. 2004).

*Sixth*, plaintiff contends that the Court committed "a notice violation of the Fifth Amendment" by omitting internal citations when quoting from the *Batson* opinion (Order at 10).  Plaintiff maintains that this purported "slight of hand" makes it impossible to determine the legal standard applied in the order.  The standard from *Batson* as quoted is clear and is the law in our circuit.  The removal of internal citations to minimize clutter in a judicial opinion is a routine precaution to improve the accessibility of judicial opinions, rather than to diminish them.  *See, e.g., City of L.A. v. David*, 538 U.S. 715, 719 (2003) (per curiam).

*Seventh*, the ALJ did not ignore plaintiff's self-assessment of her pain, but properly discounted it based on substantial evidence.  The ALJ's determination comported with *Benecke*, 379 F.3d at 593–94, as noted in the fourth alleged error, *supra*.

*Eighth*, the December order did not clearly error in refusing to reopen plaintiff's prior applications.  The order was extremely lenient in even assuming that plaintiff presented a "colorable constitutional challenge."  Beyond presenting such a colorable challenge, however, plaintiff needed to satisfy one of four factors for good cause for failing to timely appeal the earlier rulings.  Soc. Sec. Ruling 91-5p.  Plaintiff contends her mental state constituted good cause.  As explained in the December order, though, the record demonstrated that plaintiff did not have any substantial psychological impairments.

### CONCLUSION

For the foregoing reasons, plaintiff's motion to alter or amend judgment is **DENIED**.


**IT IS SO ORDERED.**


Dated:  February 6, 2006                          _____
                                                  WILLIAM ALSUP
                                                  UNITED STATES DISTRICT JUDGE